IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AMIR ISHMAEL ABDULLAH,
AKA ROBERT SHEPARD DC # L-38754

    Plaintiff,

v.                                                                 CASE NO. 1:12-cv-144-MP-GRJ

RICK SCOTT, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint against seventeen defendants and seeks leave to proceed as a pauper. (Docs. 1, 2.) For the reasons discussed below, it is respectfully **RECOMMENDED** that the motion for leave to proceed as a pauper be denied and this cause be dismissed pursuant to 28 U.S.C. § 1915(g).

## DISCUSSION

In his complaint, Plaintiff contends the Defendants deprived him of adequate food during the month of Ramadan, failed to provide a halal diet, refused to allow him access to prayer oil, and required Sunni Muslims to worship with followers of the Nation of Islam. He also seeks class certification. As relief Plaintiff seeks injunctive relief and compensatory and punitive damages.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

    if the prisoner has, on 3 or more prior occasions, while incarcerated or

>    detained in any facility, brought an action or appeal in a court of the
>    United States that was dismissed on the grounds that it is frivolous,
>    malicious, or fails to state a claim upon which relief may be granted,
>    unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the PLRA's "three strikes" rule. "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger. *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff is a multiple filer, having filed almost a dozen prior cases in the Southern District of Florida. More than three of his prior cases were dismissed for failure to state a claim upon which relief may be granted. *See Shepard v. City of Hollywood Police, et al.*, No. 0:11-cv-62208-JIC (S.D. Fla. Nov. 15, 2011) (dismissed without prejudice under § 1915 because Plaintiff had three strikes and because the statute of limitations had run); *Shepard v. Peryam, et al.*, 4:09-cv-10032-JEM (S.D. Fla. April 26, 2010) (dismissed for failure to state a claim); *Shepard v. Age, et al.*, No. 4:09-cv-10093-KMM (S.D. Fla. Nov. 20, 2009) (dismissed without prejudice under § 1915 because Plaintiff had three strikes); *Shepard v. Compass Group USA Trinity Food Servs., et al.*, No. 4:09-cv-10100-JLK (S.D. Fla. Nov. 4, 2009) (dismissed without prejudice under § 1915 because Plaintiff had three strikes); *Shepard v. Page, et al.*, No. 4:09-cv-10094-JLK (S.D. Fla. Oct. 21, 2009) (dismissed without prejudice under § 1915 because Plaintiff had three strikes); *Shepard v. Garcia, et al.*, No. 4:09-cv-22127 (S.D. Fla. August 24, 2009) (dismissed for failure to state a claim); *Shepard v. Peryam, et al.*, No. 4:09-cv-10072-JLK (S.D. Fla. July 7, 2009) (dismissed for failure to state a claim); *Shepard v.*

*Crane, et al.*, No. 4:09-cv-10063-JEM (S.D. Fla. June 29, 2009) (dismissed for failure to state a claim); *Shepard v. Strickland, et al.*, No. 4:08-cv-10113-JEM (S.D. Fla. June 26, 2009) (dismissed for failure to state a claim).

Under 28 U.S.C. § 1915, these strikes prevent Plaintiff from proceeding as a pauper, unless Plaintiff is in "imminent danger of serious physical injury." The danger must exist at the time that Plaintiff filed his complaint. *See Medberry v. Butler*, 185 F. 3d 1189, 1193 (11th Cir. 1999). The only suggestion in the complaint that Plaintiff may be in physical peril is found in Paragraph 94:

> The Plaintiff has suffered emotionally and physically throughout the years in F.DOC Custody and during many months of Ramadan, being deprived of an adequate nutritional diet, causing weight loss, brain fatigue, abdominal pain, loss of sleep, headaches, depression, fear of death and the punishment that awaits in hell for eating unlawful food that is served at Wakulla Faith Based Correctional Institution.

Compl., at 40. These allegations are insufficient to meet the "imminent danger" standard. Plaintiff alleges that during Ramadan, he receives insufficient food. But the Court takes judicial notice that Ramadan begins in the evening of July 19, 2012, and had not yet begun when Plaintiff filed his complaint on July 3, 2012. Therefore, Plaintiff could not have been suffering a deprivation of food during Ramadan at the time of his complaint. Even if the complaint had been filed during Ramadan, these allegations would not rise to the level of "imminent danger." *See Sims v. Caruso*, No. 1:11-cv-92, 2011 WL 672232 (W.D. Mich. Feb. 18, 2011) (finding that weight loss alone was not sufficient to establish serious physical injury); *Hernandez v. Ventura Cnty.*, 2010 WL 3603491 (C.D. Cal. July 27, 2010) (finding that allegation of weight loss due to smaller portions of food did not constitute "imminent danger of serious physical injury"); *Sayre*

*v. Waid*, 2009 WL 479982, at *3 (N.D. W. Va. Feb. 2, 2009) (finding that, where plaintiff alleged weight loss of thirty pounds, "weight loss, in and of itself, is not indicative of a serious physical injury.").

Accordingly, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes under the PLRA and because he does not sufficiently allege that he is in imminent danger of serious physical injury.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.  This case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) because Plaintiff has more than three strikes.  Dismissal should be without prejudice to Plaintiff to file a new complaint accompanied by payment of the full filing fee.

2.  The dismissal of this case counts as a strike pursuant to 28 U.S.C. § 1915(g).

3.  Plaintiff's motion for leave to proceed as a pauper, Doc. 2, should be **DENIED.**

4.  The docket indicates that mail sent to Plaintiff at the prison was returned undeliverable, because the inmate number did not match Plaintiff's name "Amir Ishmael Abdullah."  The Clerk must send a copy of this order to Plaintiff at the prison, addressing the order to Plaintiff's alias "Robert Shepard."

**IN CHAMBERS**, at Gainesville, Florida, this 19th day of July 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.